NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO ARTURO QUELE-
NAVARRO,

        Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

Nos. 09-72768 and 11-72430

Agency No. A094-798-550

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2013
Submission Withdrawn November 5, 2013
Resubmitted January 9, 2014
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Petitioner Ricardo Arturo Quele-Navarro appeals the Board of Immigration

Appeals' ("BIA") (1) dismissal of his appeal from the immigration judge's denial

of his asylum, withholding of relief, and Convention Against Torture ("CAT")

claims; and (2) denial of his motion to reopen with the BIA.

Since the BIA denied petitioner's claims, the law governing the "particular

social group" analysis has changed. *See, e.g.*, *Henriquez-Rivas v. Holder*, 707 F.3d

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1081 (9th Cir. 2013) (en banc); *Matter of W-G-R-*, 26 I. & N. Dec. 208 (B.I.A. 2014); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (B.I.A. 2014). We therefore remand to the BIA to consider the effects, if any, of these recent decisions on the merits of petitioner's claims for relief based on membership in a particular social group.

The BIA's other conclusions are supported by substantial evidence. We agree with the BIA's determination that petitioner's claim of persecution based on his political opinion or imputed political opinion is foreclosed by our precedents. *See, e.g.*, *Soriano v. Holder*, 569 F.3d 1162, 1164 (9th Cir. 2009), *overruled on other grounds by Henriquez-Rivas*, 707 F.3d at 1093-94. We also agree with the BIA's denial of petitioner's CAT claim, as its determination that petitioner did not meet his burden of demonstrating that he was more likely than not to be tortured upon returning to El Salvador was supported by substantial evidence.

In light of our decision to remand to the BIA, we do not reach petitioner's claim that the BIA erred in denying his motion to reopen based on new evidence.

**PETITION FOR REVIEW GRANTED.**